# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO,<br><br>                    Plaintiff,<br><br>        v.<br><br>SANTORO, *et al.*,<br><br>                    Defendants. | Case No.  1:21-cv-01616-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER<br><br>(ECF No. 14)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.      Background**

Plaintiff Stewart Manago ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  On February 16, 2022, the Court screened the first amended complaint and granted Plaintiff leave to file a second amended complaint, not to exceed 15 pages in length, or a notice of voluntary dismissal.  (ECF No. 15.)

Currently before the Court is Plaintiff's motion for protective order, filed February 14, 2022.  (ECF No. 14.)  Plaintiff states that the motion is based on an attached declaration and the first amended complaint, and requests the following relief: (A) Plaintiff to be transferred to a medical facility for proper medical treatment; (B) that CDCR Officials be ordered to stop violating Plaintiff's rights under the ADA, RA, and *Armstrong*, as required by federal law; (C) custody staff stop conspiring with medical staff to commit acts of fraud upon Plaintiff's medical records, on behalf of Defendants in this case; and (D) for such other and further relief as

1

1  the Court deems just and proper, under *Plata* and *Armstrong*. (*Id.* at 3.) The Court construes the
2  request as a motion for preliminary injunction.

3  **II.      Motion for Preliminary Injunction**

4  "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*
5  *v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a
6  preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to
7  suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his
8  favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). An injunction
9  may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation
10 omitted).

11 Federal courts are courts of limited jurisdiction and in considering a request for
12 preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it
13 have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983);
14 *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S.
15 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no
16 power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18
17 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find
18 the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation
19 of the Federal right, and is the least intrusive means necessary to correct the violation of the
20 Federal right."

21 Furthermore, the pendency of this action does not give the Court jurisdiction over prison
22 officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v.*
23 *United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties
24 in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555
25 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

26 Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. The
27 Court is required to screen complaints brought by prisoners seeking relief against a governmental
28 entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's

complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

As explained above, the Court did not find that the first amended complaint stated any cognizable claims.  As Plaintiff has not yet filed a second amended complaint for screening, the Court cannot find that Plaintiff has shown a likelihood of success on the merits.  In addition, no defendant has been ordered served, and no defendant has yet made an appearance.  Thus, the Court at this time lacks personal jurisdiction over Defendants or any other prison staff at North Kern State Prison or any other institution.

Finally, although Plaintiff has set forth serious allegations regarding the actions of defendants named in this lawsuit, Plaintiff has not demonstrated that any relief sought is "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." *See* 18 U.S.C. § 3626(a)(1)(A).  In his motion, Plaintiff is requesting that the Court interfere with CDCR's prison administration in determining the housing of a prisoner.  Such relief cannot be granted.  Although the Court understands that Plaintiff is raising serious allegations regarding possible violations of Plaintiff's rights at his current institution, he does not have a constitutional right to be incarcerated at a particular correctional facility (or to be transferred from one facility to another).  *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976); *McCune v. Lile*, 536 U.S. 24, 38 (2002). The Court declines to intercede in the security issue presented by placement of inmates in particular housing.

**III.     Recommendation**

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for protective order, (ECF No. 14), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 17, 2022**                    /s/ Barbara A. McAuliffe            _
                                                                          UNITED STATES MAGISTRATE JUDGE