UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO,<br><br>                Plaintiff,<br><br>        v.<br><br>SANTORO, *et al.*,<br><br>                Defendants. | Case No.  1:21-cv-01616-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF SCREENING ORDER AND GRANTING IN PART PLAINTIFF'S REQUEST FOR FURTHER RELIEF<br><br>(ECF No. 17)<br><br>ORDER EXTENDING DEADLINE FOR PLAINTIFF TO FILE SECOND AMENDED COMPLAINT<br><br>**THIRTY (30) DAY DEADLINE** |

**I.     Introduction**

Plaintiff Stewart Manago ("Plaintiff") is state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983.

On February 16, 2022, the undersigned screened Plaintiff's first amended complaint and issued an order granting Plaintiff leave to file a second amended complaint, not to exceed 15 pages in length, or to file a notice of voluntary dismissal.  (ECF No. 15.)  Currently before the Court is Plaintiff's motion for reconsideration of the Court's screening order and requests for further relief, filed February 28, 2022.  (ECF No. 17.)

///

1

In his motion, Plaintiff essentially states his disagreement with the Court's analysis of his first amended complaint and finding that Plaintiff failed to state a cognizable claim for relief. (ECF No. 17.) Plaintiff argues that the first amended complaint, as well as the attachments to his motion for protective order,[1] make a plausible Eighth Amendment failure to protect claim against Defendants. Plaintiff requests that the Court grant the following relief: (1) the Court order service of process on Defendants in the first amended complaint; (2) Plaintiff be allowed to file his second amended complaint after the discovery process; (3) Plaintiff be allowed to proceed with the first amended complaint, or in the alternative, the Court appoint Plaintiff counsel to assist Plaintiff in preparing his second amended complaint; and (4) if the Court orders Plaintiff to file a second amended complaint, Plaintiff be permitted 90 days to locate and hire an attorney to prepare the second amended complaint. Plaintiff also requests that the Court take judicial notice of *Turner*, *Plata*, *Armstrong*, and *Coleman*, and that his second amended complaint not be limited to 15 pages in length. (*Id.*)

## II.     Motion for Reconsideration

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision, *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

---

[1] The Court issued separate findings and recommendations regarding Plaintiff's motion for protective order on February 17, 2022. (ECF No. 16.)

Plaintiff's motion fails to present "new or different facts or circumstances . . . which did not exist or were not shown upon such prior motion," as required by Local Rule 230(j). Plaintiff's mere disagreement with the Court's screening order is not sufficient to demonstrate that reconsideration is warranted. To the extent Plaintiff believes the Court incorrectly screened the first amended complaint, he may file a second amended complaint that attempts to cure the deficiencies identified in the Court's screening order. A motion for reconsideration, however, is not the proper vehicle for such a request.

### III. Plaintiff's Requests for Further Relief

Plaintiff's requests for further relief are granted in part, as discussed below.

#### A. Service of the First Amended Complaint

Plaintiff's request for service of process of the first amended complaint is denied. The Court has screened the first amended complaint and found that it failed to state a cognizable claim for relief and fails to comply with Federal Rules of Civil Procedure 8, 18, and 20. Plaintiff has been granted leave to file a second amended complaint, and until one is filed, there is no operative complaint in this action. Once a second amended complaint is filed, the Court will screen it pursuant to 28 U.S.C. § 1915A(a). The Court will direct service of process only after Plaintiff's complaint has been screened and found to state cognizable claims for relief.

#### B. Second Amended Complaint

Plaintiff requests that he be permitted to file his second amended complaint after discovery process, that he be permitted 90 days to file his second amended complaint, and that his second amended complaint not be limited to 15 pages in length. The request for an extension of time to file the second amended complaint is granted in part, and the remaining requests are denied. Plaintiff will be permitted thirty (30) days from the date of service of this order to file his second amended complaint, but he will not be permitted to wait until after discovery opens and Plaintiff must comply with the 15 page limitation.

Plaintiff's conclusory allegation that Defendants are concealing evidence is not sufficient to permit him to wait until after the discovery process begins to file a complaint that states a cognizable claim. At the pleading stage, Plaintiff is not required to submit evidence in support of

1 his complaint.  Rather, Plaintiff must present facially plausible claims with sufficient factual
2 detail to allow the Court to reasonably infer that each named defendant is liable for the
3 misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted); *Moss*
4 *v. U.S. Sercret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  For the same reason, Plaintiff has not
5 demonstrated that he requires more than 15 pages to provide the necessary factual allegations,
6 rather than evidence, to support his claims.

        **C.**        **Appointment of Counsel**

8 Plaintiff's request for appointment of counsel to assist him in preparing the second
9 amended complaint is denied.  Plaintiff does not have a constitutional right to appointed counsel
10 in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other*
11 *grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to
12 represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist.*
13 *of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may
14 request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at
15 1525.

16 Without a reasonable method of securing and compensating counsel, the Court will seek
17 volunteer counsel only in the most serious and exceptional cases.  In determining whether
18 "exceptional circumstances exist, a district court must evaluate both the likelihood of success on
19 the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
20 complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

21 The Court has considered Plaintiff's request, but does not find the required exceptional
22 circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has
23 made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.
24 This Court is faced with similar cases filed by prisoners who are proceeding *pro se* almost daily.
25 These litigants also must conduct legal research and litigate their cases without the assistance of
26 counsel.

27 Furthermore, at this stage in the proceedings, the Court cannot make a determination that
28 Plaintiff is likely to succeed on the merits.  The Court found that Plaintiff's first amended

complaint did not state any cognizable claims, and a second amended complaint has not yet been filed. Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

### D. Request for Judicial Notice

Plaintiff's request for judicial notice of the *Turner*, *Plata*, *Armstrong*, and *Coleman* cases is granted. The Court properly may take judicial notice of court filings. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). However, the existence of these cases does not change the Court's analysis of the first amended complaint.

### IV. Conclusion and Order

As discussed above, Plaintiff is granted leave to file a second amended complaint curing the deficiencies identified by the Court's February 16, 2022 screening order, or to file a notice of voluntary dismissal.

If he chooses to file an amended complaint, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). **Accordingly, Plaintiff's second amended complaint, if any, may not exceed fifteen (15) pages, exclusive of exhibits**.

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

///

///

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for reconsideration, (ECF No. 17), is DENIED;
2. Plaintiff's requests for further relief are GRANTED IN PART and DENIED IN PART, as discussed above;
3. The Clerk's Office shall send Plaintiff a complaint form;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:
    a. File a second amended complaint, **not to exceed fifteen (15) pages**, curing the deficiencies identified by the Court in the February 16, 2022 screening order; or
    b. File a notice of voluntary dismissal; and
5. **If Plaintiff fails to file a second amended complaint or a notice of voluntary dismissal of this action in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim**.

IT IS SO ORDERED.

Dated:   **March 2, 2022**             /s/ Barbara A. McAuliffe            
                                    UNITED STATES MAGISTRATE JUDGE