UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KELLY SANTORO, et al.,<br><br>　　　　Defendants. | No.  1:21-cv-01616-ADA-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No 23.) |

　　　Plaintiff Stewart Manago is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　On July 25, 2022, the Magistrate Judge screened Plaintiff's second amended complaint ("SAC") and issued findings and recommendations, recommending that the Court dismiss this action due to Plaintiff's failure to state a cognizable claim.  (ECF No. 23.)  Plaintiff filed timely objections on August 12, 2022.  (ECF No. 24.)

　　　In his objections, Plaintiff argues that the Court should serve the SAC on Defendants because it states cognizable claims.  (*Id.* at 4.)  In the alternative, Plaintiff asks the Court to appoint counsel and permit him an opportunity to file a third amended complaint.  (*Id.*)  Plaintiff also attaches mor than 100 pages of exhibits, which he does not incorporate by reference into the SAC.  (*See id.* at 10–120.)  Those exhibits appear to include a mixture of medical records,

correspondence with potential attorneys, memoranda from CDCR staff, and grievances Plaintiff filed while housed in a county jail facility. Plaintiff does not explain the significance of these exhibits to the allegations in his complaint. The mere filing of voluminous and unexplained exhibits is not sufficient to state a cognizable claim for relief. *See Samtani v. City of Laredo*, 274 F. Supp. 3d 695, 698 (S.D. Tex. 2017) ("While much liberality is allowed in construing *pro se* complaints, a *pro se* litigant cannot simply dump a stack of exhibits on the court and expect the court to sift through them to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim."). The remainder of Plaintiff's objections suffer from the same deficiencies the Magistrate Judge identified in the findings and recommendations. In particular, Plaintiff again fails to provide specific facts regarding what happened, when it happened, or who was involved. Plaintiff has already filed three complaints in this matter, and his objections further demonstrate that providing him an opportunity to amend the complaint again would be futile. Nor has Plaintiff demonstrated "exceptional circumstances" that would warrant appointment of counsel to assist in filing an amended complaint. *Terrell v. Brewer*, 935 F.2d 1015 (9th Cir. 1991).

Accordingly,

1. The findings and recommendations issued on July 25, 2022, (ECF No. 23), are adopted in full;
2. This action is dismissed, with prejudice, due to Plaintiff's failure to state a cognizable claim; and
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   September 11, 2023

_____
UNITED STATES DISTRICT JUDGE